UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division
**Case Number: 20-21574-CIV-MORENO**

CODEVENTURES, LLC, a Florida limited
liability company,

        Plaintiff,

vs.

VITAL MOTION INC., a Delaware
corporation, David A. Lovenheim, Jay M.
Eastman, Christian D. Tvetenstrand, Terry L.
Bradley, and Erik Hiester,

        Defendants.

_____/

## ORDER DENYING DEFENDANT VITAL MOTION, INC.'S MOTION TO DISMISS

THIS CAUSE came before the Court upon the Defendant Vital Motion, Inc.'s Motion to

Dismiss the Complaint. Plaintiff, Codeventures, LLC, sued Defendant Vital Motion, Inc. for

breach of contract due to defaulting on a promissory note. Defendant Vital Motion, Inc., a

nonresident defendant, argues that the Court lacks personal jurisdiction. For the reasons that

follow, Vital's motion to dismiss for lack of personal jurisdiction is denied.

## FACTUAL BACKGROUND

The Plaintiff loaned the Defendant, Vital, $100,000 in 2019. Vital defaulted on the note,

with the amount due to the Plaintiff, the holder of note. The Plaintiff now sues Vital for the breach

of the note.

The Plaintiff is a limited liability company, with its principle place of business in Miami-

Dade County, Florida, while Vital is a Delaware corporation, with its principle place of business

in North Carolina. At the time of the loan, Vital's Chief Revenue Officer, Bradley Saveth, lived in

Miami Beach, Florida, and Vital's Chief Medical Officer, Erik Hiester, lived in Naples, Florida.

David Lovenheim, Vital's Chief Executive Officer, travelled to Florida and made calls and sent emails to Florida. Moreover, Vital had made sales to more than 200 Florida customers, with its news releases, advertising and marketing materials referencing Miami, Florida and featuring Hiester and his office in Naples, Florida.

Vital now moves to dismiss the breach of note claim in Count I for lack of personal jurisdiction and the individually named Defendants, including Lovenheim, Hiester, Bradley, also move to dismiss the other counts in the complaint for failure to state a claim.

## LEGAL ANALYSIS
## PERSONAL JURISDICTION

"A federal court sitting in diversity undertakes a two-step inquiry in determining whether personal jurisdiction exists: the exercise of jurisdiction must (1) be appropriate under the state long-arm statute and (2) not violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution." *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009) (internal citations omitted). "The reach of the [Florida long-arm] statute is a question of Florida law. [F]ederal courts are required to construe [such law] as would the Florida Supreme Court. Absent some indication that the Florida Supreme Court would hold otherwise, [federal courts] are bound to adhere to decisions of [Florida's] intermediate courts." *Id.* at 1274-75 (citing *Meier ex rel. Meier v. Sun Intern. Hotels, Ltd.*, 288 F.3d 1264, 1271 (11th Cir. 2002)).

The plaintiff has the burden of establishing a *prima facie* case of personal jurisdiction over a nonresident defendant. *Meier*, 288 F.3d at 1271. The courts "must take [the] factual allegations in the Complaint as true" and, should the defendant "submit[] affidavits contrary to the allegations in the complaint, the burden shifts back to the plaintiff to produce evidence supporting personal jurisdiction, unless the defendant's affidavits contain only conclusory assertions that the defendant is not subject to jurisdiction." *See Barriere v. Juluca*, No. 12-23510, 2014 WL 652831, at *4 (S.D.

2

Fla. Feb. 19, 2014) (citing *Stubbs v. Wyndham Nassau Resort and Crystal Palace Casino*, 447

F.3d 1357, 1360 (11th Cir. 2006)).

### Florida's Long-Arm Statute

"Florida's long-arm statute provides for both general and specific personal jurisdiction."

*Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1352 (11th Cir. 2013) (citing Fla. Stat. §

48.193(1)-(2)). "General personal jurisdiction exists when a defendant 'is engaged in substantial

and not isolated activity within this state…whether or not the claim arises from that activity." *Id.*

(citing § 48.193(2)). Stated differently, "[g]eneral personal jurisdiction is based on a defendant's

substantial activity in Florida without regard to where the cause of action arose." *Mosseri*, 736

F.3d at 1352. "On the other hand, specific personal jurisdiction authorizes jurisdiction over causes

of action arising from or related to the defendant's actions within Florida and concerns a

nonresident defendant's contacts with Florida only as those contacts related to the plaintiff's cause

of action." *See id.*

In its motion to dismiss, Vital concedes that Florida's long-arm statute has been satisfied

based on the "breach of note claim" alleged in Count I. Florida's long-arm statute provides as

follows:

> (1)(a) A person, whether or not a citizen or resident of this state, who personally or
> through an agent does any of the acts enumerated in this subsection thereby submits
> himself or herself, and, if he or she is a natural person, his or her personal
> representative to the jurisdiction of the courts of this state for any cause of action
> arising from any of the following actions:
>
> …
>
> 7. Breaching a contract in this state by failing to perform acts required by the
> contract to be performed in this state.

§ 48.193(1)(a)7, Fla. Stat. Accordingly, as Vital concedes that personal jurisdiction is appropriate under Florida's long-arm statute, the Court need only address whether the exercise of personal jurisdiction violates the Due Process Clause. *Mazer*, 556 F.3d at 1274.

## Due Process Clause

"In specific personal jurisdiction cases, we apply the three-part due process test, which examines: (1) whether the plaintiff's claims 'arise out of or relate to' at least one of the defendant's contacts with the forum; (2) whether the nonresident defendant 'purposefully availed' himself of the privilege of conducting activities within the forum state, thus invoking the benefit of the forum state's laws; and (3) whether the exercise of personal jurisdiction comports with 'traditional notions of fair play and substantial justice.'" *Mosseri*, 736 F.3d at 1355 (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472-73, 474-75 (1985)). The plaintiff carries the burden of satisfying the first two prongs, and, once those are satisfied, the burden then shifts back to the defendant on the third, whether the exercise of personal jurisdiction would violate traditional notions of fair play and substantial justice. *See Waite v. All Acquisition Corp.*, 901 F.3d 1307, 1313 (11th Cir. 2018).

1) **Whether the Plaintiff's claims "arise out of or relate to" at least one of the Defendant's contacts with the forum.**

In Count I, the Plaintiff states an action on the Note against Vital, alleging that in 2019 Vital executed and delivered to Plaintiff the Note, in the amount of $100,000, with the Plaintiff being the holder of the Note, and suing based on Vital's default.

While Vital concedes that specific jurisdiction is satisfied under Florida's Long-Arm Statute, Vital maintain that "Vital['s] [] default under the Note by failing to deliver payment in Florida does not constitute sufficient minimum contacts to satisfy due process." *See Cornerstone Inv. Funding, LLC v. Painted Post Grp., Inc.*, 188 So. 3d 904, 906 (Fla. 4th DCA 2016). In that case, the Fourth District Court of Appeal held that "[t]he mere fact, however, that [the nonresident

4

defendant] allegedly breached a contract in Florida would not constitute sufficient minimum contacts with this state to satisfy due process." *Id.* There, the defendant was a Virginia-based entity that was the recipient of a loan by an individual who later transferred his interest to the plaintiff, which was located in Palm Beach County, Florida. *Id.* at 905. When the defendant failed to make payment on the note, the plaintiff sued in Palm Beach County for repayment of the note. *Id.* Ultimately, after an evidentiary hearing where only the individual transferee testified, namely, that "the parties had entered into a 'verbal agreement' that payments on the promissory note would be made to his business address in Palm Beach County," "[the trial court] concluded that [the plaintiff] had established both jurisdictional facts and minimum contacts between [the defendant] and Florida sufficient to assert personal jurisdiction over [the defendant]." *Id.* On appeal, the Florida appellate court reversed, reasoning "[a]s neither [the plaintiff's] amended complaint nor [the individual transferee's] hearing testimony showed that any related substantial act beyond repayment of the promissory note was required to be and/or actually was performed in Florida, [the defendant] d[id] not have sufficient minimum contacts with this state to support the assertion of personal jurisdiction over it." *Id.* (internal citations omitted).

Vital has argued that 1) Vital's Chief Revenue Officer Saveth's move from New York to Miami Beach from 2017 to 2019 was unrelated to his employment, 2) Director Erik Hiester's move to Florida was unrelated to Vital Motion Inc., and 3) neither one was involved in the loan. The Plaintiff responds that:

> Vital had a promoter and co-founder, Bradley Saveth, based in Miami Beach; a second founder, Eri[k] Hiester, its Chief Medical Officer integrally involved in Vital's marketing and promotion activities, in Naples; and a third, David Lovenheim, its CEO, who lived elsewhere but frequently traveled to, called and emailed to Florida. Further, Vital, while only a start-up, had made sales to more than 200 Florida customers. Its news releases, advertising and marketing materials also referenced Miami, Florida and featured Dr. Hiester treating patients in his office in Naples, Florida. Given these extensive contacts and the well-known rule

that a creditor has a right to payment at his address (which was included on the Note drafted by Vital), it cannot be held a surprise that Vital would have to defend a collection lawsuit in Florida.

(D.E. 53, at 18).

At this stage, the Court finds that the Plaintiff has met its burden to show that the claims "arise out of or relate to" at least one of the Defendant's contacts with Florida.

2) **Whether the nonresident defendant, Vital, "purposefully availed" itself of the privilege of conducting activities within Florida.**

The Defendant argues that without the fraud claims, the Court lacks personal jurisdiction as to Vital. Since the Court finds that the breach of note and fraud claims against Vital arise out of its contacts with Florida, it follows that the Defendant purposefully availed itself of the privilege of conducting activities within Florida.

3) **Whether the exercise of personal jurisdiction comports with "traditional notions of fair play and substantial justice."**

Having found that the Plaintiff has met its burden of showing that its claims arise out of the Defendant's contact with Florida and that Defendant Vital availed itself to conduct business activities in Florida, the Court must finally decide if it is fair and just to exercise jurisdiction. Vital has failed failed to meet its burden, thus the Court denies the motion to dismiss Count I, finding personal jurisdiction.

## CONCLUSION

Accordingly, for the foregoing reasons, it is **ADJUDGED** that the motion to dismiss for lack of personal jurisdiction **(D.E. 49)** is DENIED.

DONE AND ORDERED in Chambers at Miami, Florida, this ⟩4ʳ of March 2021.

FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to: Counsel of Record

6