UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 20-21574-CIV-MORENO

CODEVENTURES, LLC, a Florida limited
liability company,

        Plaintiff,

vs.

VITAL MOTION INC., a Delaware
corporation, David A. Lovenheim, Jay M.
Eastman, Christian D. Tvetenstrand, Terry L.
Bradley, and Erik Hiester,

        Defendants.
_____/

## ORDER DISMISSING CLAIMS AGAINST EASTMAN, TVETENSTRAND, HIESTER, AND BRADLEY AND DENYING VITAL MOTION, INC. AND LOVENHEIM'S MOTION TO DISMISS

THIS CAUSE came before the Court upon the Defendants' Motion to Dismiss the Amended Complaint **(D.E. 49)**. The Plaintiff, Codeventures, LLC, sued Vital Motion, Inc. and its officers and directors for defaulting on a promissory note and fraudulently inducing it to loan $100,000 to Vital. Codeventures makes the following the claims:

Count I – Breach of contract, a promissory note, against Vital Motion, Inc.

Count II – Fraud in the inducement against

- Vital Motion, Inc.
- David Lovenheim, Chief Executive Officer of Vital Motion, Inc.
- Jay Eastman, another Chief Executive Officer of Vital Motion, Inc.
- Christian Tvetenstrand, Director of Vital Motion, Inc.
- Erik Hiester, Director of Vital Motion, Inc.
- Terry Bradley, Controller of Vital Motion, Inc.

Count III – Aiding and abetting fraud in the inducement against all Defendants

Count IV – Conspiracy to commit fraud against all Defendants.

The Defendants move to dismiss the fraud claims as lacking sufficient particularity and for failure to state a claim. The Court finds that the fraud in the inducement claim in Count II is properly pled with sufficient particularity and denies the motion to dismiss on that basis against Vital Motion, Inc. and David Lovenheim. However, the Court finds that the allegations against Defendants Eastman, Tvetenstrand, Hiester, and Bradley are deemed insufficient to state a claim and, thus, Count II is dismissed as to those Defendants. Counts III and IV alleging aiding and abetting the fraud and conspiracy to commit fraud lack sufficient particularity and are dismissed as to all Defendants. Defendants Vital Motion, Inc. and David Lovenheim shall file an answer no later than April 15, 2021, and trial shall be set for the two-week period commencing October 25, 2021 with a separate scheduling order.

## FACTUAL BACKGROUND

The Plaintiff claims it loaned the Defendant Vital, $100,000 in 2019 and Vital defaulted on the note. The Plaintiff alleges that Lovenheim and Vital fraudulently induced it into entering the contract, the promissory note, by falsely advising the Plaintiff that, during periods not covered by financial statements that were provided, Vital had "quite astounding month-over-month revenue growth." The Plaintiff also alleges that Lovenheim made numerous omissions, including but not limited to: Vital's short-term need for cash; the original Board of Directors' refusal to invest any more of their own funds, thereby giving a vote of no-confidence to their own venture; an external company, which handled the entire operational side of Vital Motion, stopped providing all of those services due to Vital's nonpayment, essentially rendering Vital non-operational and defunct as a going concern; and significant refund obligations due to customers, in the range of $100,000 or more, with which Vital could not comply.

The Plaintiff further alleges that the Defendants all had "knowledge of the fraud," provided "substantial assistance to the commission of the fraud," and conspired with one another by sponsoring, authorizing and approving the efforts to induce the Plaintiff's $100,000 investment by providing it with false information and concealing other material information.

## LEGAL ANALYSIS

## FRAUDULENT INDUCEMENT

"The requirements for a claim of fraud or fraudulent inducement are: (1) a false statement regarding a material fact; (2) the statement maker's knowledge that the representation is false; (3) intent that the representation induces another's reliance; and (4) consequent injury to the party in reliance." *Thompkins v. Lil' Joe Records, Inc.*, 476 F.3d 1294, 1315 (11th Cir. 2007) (internal citations omitted). As to Count II, the Defendants claim that the Amended Complaint does not meet Federal Rule of Civil Procedure 9(b)'s heightened pleading standard, namely, that circumstances constituting fraud be alleged with particularity. Rule 9(b) provides, in pertinent part: "In alleging fraud…a party must state with particularity the circumstances constituting fraud[]." Fed. R. Civ. P. 9(b).

## ALLEGED FALSE STATEMENTS AND OMISSIONS

First, the Defendants claim that "[t]he majority of [the Plaintiff's] allegations of 'false' statements are predicated on statements of opinion about future estimates and projections or mere puffery by Lovenheim" and such statements are not actionable (D.E. 49, at 10). *See MDVIP, Inc. v. Beber*, 222 So. 3d 555, 561 (Fla. 4th DCA 2017) ("A promise to deliver an 'exceptional' product or service is a matter of opinion rather than fact, and constitutes non-actionable puffery."). As such, when dealing with statements of opinion or "puffery," "[i]t is the responsibility of the buyer of a product or service to investigate the truth of any "puffing" statements, as such declarations

3

'do not constitute fraudulent misrepresentations.'" *Id.* (citing *Wasser v. Sasoni*, 652 So. 2d 411, 412 (Fla. 3d DCA 1995)). Moreover, the fact that future estimates or projections do not come to fruition does not mean that a fraudulent action can be based on such statements. *See Brod v. Jernigan*, 188 So. 2d 575, 579 (Fla. 2d DCA 1966) (reiterating rule that "fraud cannot be predicated on statements which are promissory in their nature, or constitute expressions of intention, and an actionable representation cannot consist of mere broken promises, unfulfilled predictions or expectations, or erroneous conjectures as to future events…") (internal citation omitted).

When referring to these opinion statements regarding future estimates and projections, the Defendants cite to the Amended Complaint's allegations concerning statements made by Lovenheim.[1] The Defendants cite to the following "nonactionable" statements, as alleged in the Amended Complaint:

- Lovenheim "provided additional information to Doffek by email of May 29, 2018, including financial statements" and that "during the periods of time not covered by the financial statements, Vital Motion had 'quite astounding month-over-month revenue growth' and [he] was 'excited' for the recipient to 'share the Vital Motion opportunity'" (D.E. 38 ¶ 24);
- In ongoing communications between Lovenheim and Enekes, Doffek from May 29, 2018 to January 8, 2019, Lovenheim "played the same theme—that Vital Motion represented a great and wonderful opportunity for Doffek to either reap equity rewards or, at a minimum, receive safe and substantial interest from Vital for a short-term note guaranteed to be repaid" (D.E. 38 ¶ 25);

---

[1] In passing, the Defendants also cite an allegation involving a statement made by Bradley Saveth, which the Defendants characterize as mere opinion: Saveth "provided to Doffek promotional materials for Vital by email…which touted the prospects of the company, by stating 'we are running at a profitable rate,' and claiming that a new influx of financing was imminent" (D.E. 38 ¶ 21). In its response, the Plaintiff claims that the statement that Vital Motion was "running at a profitable rate" is not opinion—it is false (D.E. 53, at 7).

4

- Lovenheim "provided further positive information to Doffek by email dated October 7, 2018, claiming a valuation of the company per a financing which was 'likely to close' at a $20 million valuation" (D.E. 38 ¶ 34);
- On December 7, 2018, Lovenheim "again reiterated that investing in Vital Motion was a 'most exciting opportunity'" (D.E. 38 ¶ 37);
- And, in a December 19, 2018 email to Enekes, Lovenheim "provided additional financial information showing positive revenues for 2018, and including quarterly trajectory projections that showed millions of dollar in expected revenues for 2019, and anticipated earnings of nearly $10,000,000 (D.E. 38 ¶ 38).

In sum, the Plaintiff maintains that the foregoing allegations are not opinions or mere puffery, but are "lies, told to Plaintiff to fraudulently induce it to loan Defendants money, [and] are not promises set forth in the Agreement but simply extrinsic, false statements reliance on which induced the contract." (D.E. 53, at 9).

The Plaintiff relies on numerous omissions allegedly made by the Defendants. Specifically, it claims the following:

1) Lovenheim and Vital did not disclose that not only was there a short-term need for cash, but the problems for the company, including lack of revenue and needed capital, were such as to give Vital a slim chance at success or even survival;

2) Lovenheim and Vital did not disclose that the original Board of Directors had refused to invest any more of their own funds, thereby giving a vote of no-confidence to their own venture;

3) Lovenheim and Vital also did not disclose that an external company, which handled the entire operational side of Vital Motion, including manufacturing, packing, quality control and tracking, compliance, shipping, delivery and customer service, stopped providing all of those services due to its non-payment by Vital, essentially rendering Vital non-operational and defunct as a going concern;

4) In fact, Defendant Eastman, who as the Chief Operating Officer of Vital was directly involved in and oversaw the relationship with the external company, and fully aware of the payment issues, himself deliberately omitted and failed to disclose any of that information to [Plaintiff], in order to induce its investment in Vital;

5) Lovenheim and Vital, as well, did not disclose that there were significant refund obligations due to customers, in the range of $100,000 or more, with which Vital could not comply; and

6) Lovenheim failed to disclose that he had been running substantial personal expenses through the company, including for meals, entertainment and travel, using the company's limited resources to fund their own lifestyle, with the knowledge and approval of the Board.[2]
(D.E. 38 ¶¶ 28-32, 44).

The Plaintiff relies on two settled exceptions to "[t]he general rule of law [] that a false statement of fact must concern a past or existing fact in order to be actionable" and that "[a] successful action for fraudulent misrepresentation may not ordinarily be premised upon a promise of future action": (1) "[W]here a statement can be viewed as coming from one with superior knowledge of the subject of the statement, such statement may constitute a statement of fact rather than opinion, as it might be considered if the deal had been negotiated by parties on equal terms"; and (2) "[W]here the promise of future action is made with no intention of performing or with a positive intention not to perform." *See Thor Bear, Inc. v. Crocker Mizner Park*, 648 So. 2d 168, 172 (Fla. 4th DCA 1994). Given these statements were made by Lovenheim, who had "superior knowledge" on the subject of Vital's financial state, and Lovenheim's misrepresentations show that the Defendants "never intended to meet its fraudulent projections or obtain new financing imminently," the Plaintiff contends these exceptions apply here.

As the Defendants recognize in their motion to dismiss, a duty to disclose arises "when one party has information which the other party has a right to know because there is a fiduciary or other relation of trust or confidence between the two parties," except that, "[w]here a party in an arm's length transaction undertakes to disclose information, all material facts must be disclosed." *See Friedman v. Am. Guardian Warranty Servs., Inc.*, 837 So. 2d 1165, 1166 (Fla. 4th DCA 2003).

---

[2] Bradley is also named in this limited failure to disclose.

It would be premature at this stage to decide whether the exceptions from *Thor Bear* apply. The Court will revisit this after discovery is complete at the summary judgment stage.

In their motion to dismiss, the Defendants contend that a duty to disclose arises "when one party has information which the other party has a right to know because there is a fiduciary or other relation of trust or confidence between the two parties," except that, "[w]here a party in an arm's length transaction undertakes to disclose information, all material facts must be disclosed." *See Friedman*, 837 So. 2d at 1166. The Defendants then state, in conclusory fashion, that the Plaintiff failed to allege "that Defendants undertook to make the types of disclosures that it now complains of not having received." (D.E. 49, at 14).

In its response, the Plaintiff also cites to *Friedman* for the proposition that a party has a duty to disclose "where [said] party in an arm's length transaction undertakes to disclose information, all material facts must be disclosed," and maintains "[t]hat is exactly what occurred here." (D.E. 53, at 6). Specifically, the Plaintiff states that "[o]nce the Defendants 'undertook to disclose material information, [they] intentionally failed to disclose that information fully" and now "[i]t is for the factfinder to decide whether the Defendants accurately provided the Plaintiff with the total mix of information, or instead intentionally fleeced it of funds." *Id.* In support of this proposition, the Plaintiff cites the following allegations under Count II:

> Defendants made misrepresentations of material fact, and once they undertook to disclose material information, intentionally failed to disclose that information fully. Lovenheim and Bradley, in their direct communications with [Plaintiff's] representatives, made misrepresentations of material fact, and once they undertook to disclose material information, intentionally failed to disclose that information fully. Defendants Eastman, Hiester and Tvetenstrand had knowledge of the representations made by Lovenheim and Bradley to [Plaintiff], and knew that the representations were false and omitted material information.

(D.E. 38 ¶ 62). Thus, the complaint properly alleges that the Defendants had a duty to disclose.

## FRAUD CLAIM

The Defendants cite to *Trinity Graphic* for the proposition that a plaintiff must set forth the following to satisfy the specificity requirement of Federal Rule of Civil Procedure 9(b): "(1) the exact statements or omissions made; (2) the time and place of each such statement and who made the statement or omission; (3) the substance of the statement and how it misled the plaintiff; and (4) the defendant's gain due to the alleged fraud." *Trinity Graphic, USA, Inc. v. Tervis Tumbler Co.*, 320 F. Supp. 3d 1285, 1296 (M.D. Fla. 2018). The Defendants are right on the law but the Plaintiff has satisfied this standard at this stage in the proceedings by alleging that

- Saveth "provided to Doffek promotional materials for Vital by email...which touted the prospects of the company, by stating 'we are running at a profitable rate,' and claiming that a new influx of financing was imminent" (D.E. 38 ¶ 21);
- Lovenheim "provided additional information to Doffek by email of May 29, 2018, including financial statements" and that "during the periods of time not covered by the financial statements, Vital Motion had 'quite astounding month-over-month revenue growth' and [he] was 'excited' for the recipient to 'share the Vital Motion opportunity'" (D.E. 38 ¶ 24);
- Lovenheim "provided further positive information to Doffek by email dated October 7, 2018, claiming a valuation of the company per a financing which was 'likely to close' at a $20 million valuation" (D.E. 38 ¶ 34);
- In the October 7, 2018 email, Lovenheim also "falsey represented [Vital Motion] was '[n]ow...taking time to:'
   o refresh our digital advertising campaign,
   o gear up our marketing initiatives aimed at familiarizing health care providers...
   o select professionals who will partner with us in designing and launching an aggressive and successful public relations program first in the North American market
  none of which was occurring." (D.E. 38 ¶ 36);

- In a December 19, 2018 email to Enekes, Lovenheim "provided additional financial information showing positive revenues for 2018, and including quarterly trajectory projections that showed millions of dollar in expected revenues for 2019, and anticipated earnings of nearly $10,000,000 (D.E. 38 ¶ 38).

The Plaintiff alleges that these statements and omissions induced the Plaintiff to loan Vital Motion $100,000. The Court finds that the Plaintiff has sufficiently alleged with particularity its fraud allegations against Vital Motion, Inc. and Lovenheim.

The Defendants argue that the fraudulent inducement claim cannot be maintained against Defendants Tvetenstrand, Eastman, Hiester or Bradley:

> Finally, [the Plaintiff] does not allege that Tvetenstrand, Eastman, or Hiester made any statements at all, much less false statements, to it or its representatives. Nor are any false statements attributed to Bradley, who is only alleged to have failed to disclose information for which she had no duty to disclose in the first place. Thus, no claim for fraudulent inducement can be maintained against any of these four.

(D.E. 49, at 14). The Court agrees and dismisses those claims against these Defendants.

## COUNT III

Next, the Defendants seek dismissal of Count III for aiding and abetting fraudulent inducement as the Plaintiff has not sufficiently alleged an underlying fraud. Moreover, even assuming *arguendo* that an underlying fraud has been alleged, the claim of aiding and abetting fails as to individual Defendants Hiester, Tvetenstrand, and Eastman as they failed to provide "substantial assistance to the commission of the fraud."

Under Florida law, "[t]o successfully plead the claim of aiding and abetting fraud, the plaintiff[] must allege the: (1) the existence of the underlying fraud; (2) knowledge of the fraud; and (3) the defendant provided substantial assistance to the commission of the fraud." *Gilison v. Flagler Bank*, 303 So. 3d 999, 1002 (Fla. 4th DCA 2020) (internal citations omitted). "Substantial assistance occurs when a defendant affirmatively assists, helps conceal, or fails to act when

9

required to do so, thereby enabling the breach to occur." *Id.* at 1003-04. "Substantial assistance requires the plaintiff to allege that the actions of the aider/abettor proximately caused the harm on which the primary liability is predicated." *Id.* at 1004.

Because the allegations for the Plaintiff's aiding and abetting fraud claim lack sufficient particularity, Count III is dismissed as to all Defendants.

## COUNT IV

Lastly, the Defendants claim that the Plaintiff has failed to allege an underlying fraud, and, even if it did, with the requisite specificity how the alleged co-conspirators knew of the fraud, as such allegations only appear in conclusory fashion in the Amended Complaint. In order to state a claim for civil conspiracy, a plaintiff must allege: "(a) an agreement between two or more parties, (b) to do an unlawful act or to do a lawful act by unlawful means, (c) the doing of some overt act in pursuance of the conspiracy, and (d) damage to plaintiff as a result of the acts done under the conspiracy." *Mazer*, 556 F.3d 1260, 1271 (11th Cir. 2009) (citing *Charles v. Fla. Foreclosure Placement Ctr., LLC*, 988 So. 2d 1157, 1159-60 (Fla. 3d DCA 2008)).

Here, the Defendants contend that the Plaintiff has failed to sufficiently allege how the conspirators knew about the fraud and the Plaintiff merely "alleges in conclusory fashion that the other Individual Defendants knew that the information being provided by Lovenheim was false but pleads no specifics to demonstrate how they had such knowledge." (D.E. 49, at 16). The Court agrees and dismisses Count IV against all Defendants.

## CONCLUSION

Accordingly, for the foregoing reasons, it is **ADJUDGED** that the motion to dismiss for failure to state a claim **(D.E. 49)** is GRANTED as to Defendants Eastman, Tvetenstrand, Hiester, and Bradley but DENIED as to Vital Motion, Inc. and Lovenheim. Defendants Vital Motion, Inc. and David Lovenheim shall file their answer to the Amended Complaint by April 15, 2021.

DONE AND ORDERED in Chambers at Miami, Florida, this 24th of March 2021.

FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record