UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 20-21574-CIV-MORENO

CODEVENTURES, LLC, a Florida limited
liability company,

        Plaintiff,

vs.

VITAL MOTION INC., a Delaware
corporation, David A. Lovenheim, Jay M.
Eastman, Christian D. Tvetenstrand, Terry L.
Bradley, and Erik Hiester,

        Defendants.
_____/

## ORDER GRANTING MOTION FOR SUMMARY JUDGMENT ON COUNT I

THIS CAUSE came before the Court upon the Plaintiff Codeventures, LLC's Partial Motion for Summary Judgment. The Plaintiff sued the Defendant Vital Motion, Inc., and its officers and directors for Vital's default on a promissory note and the individual Defendants' alleged fraud in inducing the Plaintiff to loan $100,000 to Vital.[1] The Plaintiff now moves for partial summary judgment on the breach of the note count (Count I) against Vital. For the reasons that follow, the Plaintiff's partial motion for summary judgment on Count I is granted.

## BACKGROUND

The following facts are undisputed. On January 11, 2019, Vital executed and delivered the Convertible Bridge Promissory Note to the Plaintiff, in the amount of $100,000, which the Plaintiff

---

[1] In prior orders, the Court denied Vital's motion to dismiss for lack of personal jurisdiction and granted the individual Defendants' motion to dismiss the fraudulent inducement claims against Eastman, Tvetenstrand, and Hiester and the aiding and abetting and conspiracy claims as to all Defendants.

owns and holds. A copy of the note is attached as Exhibit F to the Amended Complaint. Vital defaulted on the note when it failed to pay the amount owed by the January 10, 2020 maturity date and by failing to cure the default, despite the Plaintiff's notice of the default via a February 4, 2020 letter. Pursuant to the note, the Plaintiff is owed $100,000, interest, and royalties.

Vital argues that summary judgment should not be granted on this count, absent a showing by the Plaintiff that documentary stamp taxes have been paid on the note. The Court agrees with the Plaintiff that the issue is now moot because the Plaintiff has paid the documentary stamp taxes (D.E. 64, at 2), as evidenced by the sworn declaration of Tamas Doffek, the Plaintiff's sole manager, and Department of Revenue confirmation records.

## **LEGAL STANDARD**

Summary judgment is authorized where there is no genuine issue of material fact. Fed. R. Civ. P. 56(c). The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). The party opposing the motion for summary judgment may not simply rest upon mere allegations or denials of the pleadings; the non-moving party must establish the essential elements of its case on which it will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986). The non-movant must present more than a scintilla of evidence in support of the non-movant's position. A jury must be able reasonably to find for the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 254 (1986).

## **LEGAL ANALYSIS**

"The elements of breach of promissory note are (1) a valid contract; (2) a material breach; (3) damages; and (4) that plaintiff is the owner and holder of the note." *Franquiyama Holdings,*

*Inc. v. Tamayo*, Case No. 19-cv-23344, 2020 WL 4279896, at *5 (S.D. Fla. June 2, 2020) (internal citations omitted). Here, the Plaintiff argues, and Vital does not dispute, that there is no genuine dispute of material fact as to the foregoing elements, namely, that (1) the parties entered into a valid contract, the note (D.E. 38-6), (2) Vital materially breached the contract when failing to pay the Plaintiff $100,000 with any accrued interests by the maturity date of January 10, 2020 (*id.* at 2); (3) the Plaintiff incurred damages (the principal, $100,000, accrued interests, and royalties as provided for in the note); and (4) the Plaintiff was the holder of the note. Rather, Vital maintains that summary judgment should be denied on this count as the "under Florida law, the [n]ote is unenforceable as [the Plaintiff] has failed to purchase and affix documentary stamp taxes to the [n]ote as required by § 201.08(1)." (D.E. 62, at 1).

Florida Section 201.08, which is titled, "Tax on promissory or nonnegotiable notes, written obligations to pay money, or assignments of wages or other compensation; exception," provides, in relevant part, that "[t]he mortgage, trust deed, or other instrument shall not be enforceable in any court of this state as to any such advance unless and until the tax due thereon upon each advance that may have been made thereunder has been paid." § 201.08(1), Fla. Stat. There are Florida cases that have held that dismissal of an action to enforce a promissory note is appropriate where the promisee fails to establish, "as a condition precedent to pursing the action, that the taxes due on the note have been paid." *Somma v. Metra Elecs. Corp.*, 727 So. 2d 302, 304 (Fla. 5th DCA 1999); *see also Nikooie v. JPMorgan Chase Bank, N.A.*, 183 So. 3d 424, 430 (Fla. 3d DCA 2014) ("In this district, a note or mortgage may not be enforced until the tax has been paid, but the court may permit the lender to pay the taxes belatedly."). In *Somma*, the Fifth District Court of Appeal held that "promissory notes for which documentary taxes have not been paid are, as a matter of law, unenforceable by any Florida court." 727 So. 2d at 305. In such cases, the *Somma* court

reasoned that "[i]n an action to enforce such a note, once the court discovers that the documentary taxes have not been paid, the court must dismiss the action without prejudice, or upon proper motion abate the action for a time sufficient to enable the plaintiff to purchase documentary stamps and affix them to the note." *Id.* (citing *Kotzen v. Levine*, 678 F.2d 140 (11th Cir. 1982)).

On the other hand, the Fourth District Court of Appeal in *Glenn Wright Homes* and the Eleventh Circuit, in two unpublished opinions, reached a different result. *See Glenn Wright Homes (Delray) LLC v. Lowy*, 18 So. 3d 693, 696 (Fla. 4th DCA 2009) (declining to adopt *Somma's* interpretation of § 201.08(1) and reasoning that the statute's "clear and unambiguous" language "does not prohibit enforcement of an unsecured promissory note in a court of this state for nonpayment of the documentary tax"); *Wane v. Loan Corp.*, 552 Fed. Appx. 908, 915 (11th Cir. 2014) ("Florida courts have held that a promissory note secured by a mortgage cannot be enforced where taxes have not been paid on future advances."); *Grant v. Pottinger-Gibson*, 725 Fed. Appx. 772, 776-77 (11th Cir. 2018) ("[Plaintiff's] failure to attach tax stamps to the Note did not render it unenforceable under Florida law.") (citing *Glenn Wright Homes*, 18 So. 3d at 696). Vital characterizes *Glenn Wright Homes* as the "minority view" and the unpublished decisions as having little persuasive value, given that the opinions did not have any "further analysis" or a "discussion of the contrary authority." (D.E. 62, at 4).

Notwithstanding the dueling interpretations of Florida § 201.08(1) espoused by the Florida appellate courts in *Somma* and *Glenn Wright Homes*, the Court need not reach this matter of statutory interpretation. According to the Plaintiff's sole manager, Doffek, the Plaintiff has paid the documentary stamp taxes on the Note, which totaled $590.63, including penalties and interest. (D.E. 64, at 4). Specifically, the Plaintiff attached a declaration by Doffek in which he avers that the Plaintiff "has now paid the tax in full," along with a Florida Department of Revenue's

confirmation of payment page. (D.E. 65-1). Thus, the Court agrees with the Plaintiff's contention that "[n]o determination on this disputed point of law is required." Moreover, based on the very cases cited by Vital, a plaintiff's belated compliance with § 201.08(1) is permissible. For example, in *Somma*, the Fifth District Court of Appeal held that, in a case involving noncompliance, one proper course of action would be, "upon proper motion abate the action for a time sufficient to enable the plaintiff to purchase documentary stamps and affix them to the note." 727 So. 2d at 305; *see also Nikooie,* 183 So. 3d at 430 (noting that "the court may permit the lender to pay the taxes belatedly").

## CONCLUSION

Accordingly, for the foregoing reasons, it is **ADJUDGED** that the Plaintiff's motion for partial summary judgment on Count I **(D.E. 57)** is GRANTED.

DONE AND ORDERED in Chambers at Miami, Florida, this 24 of March 2021.

FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record