UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division
**Case Number: 20-21574-CIV-MORENO**

CODEVENTURES, LLC, a Florida limited
liability company,

        Plaintiff,

vs.

VITAL MOTION INC., a Delaware
corporation, and DAVID A. LOVENHEIM, an
individual,

        Defendants.

_____/

## ORDER GRANTING VITAL MOTION, INC.'S MOTION TO DISSOLVE WRIT OF GARNISHMENT AND DISSOLVING WRIT AS TO BANK OF AMERICA

THIS CAUSE came before the Court upon Vital Motion, Inc.'s Motion to Dissolve Writ

of Garnishment **(D.E. 112)**, **filed on June 30, 2021**. Because Vital's Bank of America accounts

are in South Carolina, Vital's motion to dissolve Codeventures, LLC's writ of garnishment as to

Bank of America is granted.

## I.    BACKGROUND

On April 27, 2021, the Court entered Final Judgment in favor of the Plaintiff Codeventures,

LLC and against the Defendant Vital Motion, Inc. in the amount of $122,421.72, after granting

Codeventures' motion for summary judgment on its breach of promissory note claim against Vital.

Subsequently, Codeventures filed an *ex parte* Application for Writ of Garnishment with the Clerk

of the Court, seeking a writ of garnishment[1] as to Bank of America Corporation, as it was "believed

---

[1] Section 77.01 defines a "[r]ight to writ of garnishment[]" as "[e]very person or entity who has
sued to recover a debt or has recovered judgment in any court against any person or entity has a
right to a writ of garnishment, in the manner hereinafter provided, to subject any debt due to
defendant by a third person or any debt not evidenced by a negotiable instrument that will become

to have possession of property in which the Judgment Debtor [Vital] has a substantial, non-exempt interest."[2] Codeventures also filed an *ex parte* motion for appointment of a process server. The Clerk then entered a Writ of Garnishment as to Bank of America and appointed a process server.

Bank of America, the garnishee, filed an answer to the writ of garnishment, indicating it had set aside the following amounts from three accounts for Vital: $434.21, $3.95; and $406.09 (total: $844.25). (D.E. 91 ¶ 2). Bank of America's answer lists the following information under the three bank accounts: "Vital Motion, Inc.[,] 8029 S. Dorchester Trce.[,] Indian Land, SC 29707-5883[.]" *Id.* ¶ 1.

Codeventures then filed a notice to Judgment Debtors and Certificate of Service, certifying that "a copy of the June 2, 2021 Writ of Garnishment to Bank of America [] and a copy of the Ex-Parte Motion for Appointment of Process Server [], together with this certificate of service" was served on Vital and its counsel. (D.E. 92).[3] Codeventures also later filed a Notice of Serving Answer of Garnishee on Vital, indicating "that [Vital] must move to dissolve the writ of garnishment within 20 days after the date indicated on the certificate of service in this notice if any

---

due absolutely through the passage of time only to the defendant by a third person, and any tangible or intangible personal property of defendant in the possession or control of a third person." Fla. Stat. § 77.01.

[2] Codeventures included the amount of judgment in the application. "To obtain a writ of garnishment after judgment, the plaintiff is required to file a motion stating the amount of the judgment." *See Skulas v. Loiselle*, Case No. 09-60096, 2010 WL 1790439, at *2 (S.D. Fla. Apr. 9, 2010) (citing Fla. Stat. § 77.03), *report and recommendation adopted*, 2010 WL 1790433 (S.D. Fla. May 5, 2010).

[3] Section 77.055, titled, "Service of garnishee's answer and notice of right to dissolve writ[,] states, in relevant part: "[w]ithin 5 days after service of the garnishee's answer on the plaintiff or after the time period for the garnishee's answer has expired, the plaintiff shall serve, by mail, the following documents: a copy of the garnishee's answer, and a notice advising the recipient that he or she must move to dissolve the writ of garnishment within 20 days after the date indicated on the certificate of service in the notice if any allegation in the plaintiff's motion for writ of garnishment is untrue." Fla. Stat. § 77.055.

allegation in the Plaintiff's motion or writ of garnishment is untrue."[4] (D.E. 93). On June 30, 2021, Vital timely moved to dissolve the writ of garnishment as to Bank of America (D.E. 112).

After Codeventures filed its response in opposition and Vital filed a reply, the Court ordered the parties to file proof showing the location of Vital's bank accounts. Vital timely filed a Declaration of Terry Bradley, Vital's Controller and Corporate Secretary since 2012, where Bradley avers that two of the bank accounts at issue were opened in Leesburg, Virginia (accounts xxxx-1684 and xxxx-1697) in 2012 (D.E. 125-1 ¶ 4), and one was opened in Cornelius, North Carolina (account xxxx-9650) in 2017 (*id.* ¶ 5). Moreover, Bradley avers that "[a]t all material times, the address on each of the three accounts has been Vital's principal place of business, which changed from Leesburg, Virginia, to Cornelius, North Carolina, and is now located in Indian Land, South Carolina." (D.E. 125-1 ¶ 6). This is consistent with Bank of America's listed address for the account holder, Vital, in its answer to the writ. (D.E. 91, ¶ 1). Codeventures did not file any supplementary documents by the Court's deadline, and the time to do so has passed.

## II.    ANALYSIS

In its motion to dissolve the writ of garnishment, Vital points out that Bank of America's answer to the writ indicates that the three Vital bank accounts are located in Indian Land, South Carolina. (D.E. 112 ¶ 4); (D.E. 91 ¶ 1). As a result, Vital now seeks dissolution of the writ, contending that the Court lacks jurisdiction over Vital's Bank of America accounts located in South Carolina. *See Skulas v. Loiselle*, Case No. 09-60096, 2010 WL 1790439, at *2-3 (S.D. Fla. Apr. 9, 2010), *report and recommendation adopted*, 2010 WL 1790433 (S.D. Fla. May 5, 2010).

---

[4] Under § 77.07, titled "Dissolution of writ[,]" "[t]he defendant and any other person having an ownership interest in the property, as disclosed by the garnishee's answer, shall file and serve a motion to dissolve the garnishment within 20 days after the date indicated in the certificate of service on the defendant and such other of the plaintiff's notice required by s. 77.055, stating that any allegation in plaintiff's motion for writ is untrue." Fla. Stat. § 77.07.

In *Skulas*, the plaintiff obtained a writ of garnishment directed to PNC Bank, N.A.'s Fort Lauderdale branch. 2010 WL 1790439, at *1. The defendant sought to dissolve the writ, arguing that the "plaintiff improperly 's[ought] to use a Florida writ to garnish [the defendant's] assets in Pennsylvania" and reiterating that it maintained an account with PNC Bank but through a branch located in Pennsylvania. *Id.* at *2. The court in *Skulas* characterized the issue there as "whether, under Florida's garnishment statute, a judgment creditor can garnish a bank account maintained outside of Florida." *Id.* The court answered the question in the negative, "find[ing] that because the bank account at issue [was] located in Pennsylvania, the Court d[id] not have jurisdiction over it and the instant Writ of Garnishment [] should be dissolved." *Id.* at *3. Despite that the fact that the garnishment statute, § 77.04, included "no express territorial limitation on the location of the property within the garnishee's possession or control," *id.* at *2, the *Skulas* court relied on *APR Energy* in reaching its recommendation, which is also cited by Vital. *Id.* at *2 (citing *APR Energy, LLC v. Pakistan Power Resources, LLC*, Case No. 3:08-cv-961-J-25MCR, 2009 WL 425975, at *2 (M.D. Fla. Feb. 20, 2009).[5] After neither side filed objections to the report and recommendation, the district court adopted it and dissolved the writ of garnishment. *Skulas*, 2010 WL 1790433, at *1.

Additionally, Vital cites to the court's report and recommendation in *Inversiones y Procesadora Tropical Inprotsa, S.A. v. Del Monte Int'l GmbH*, Case No. 16-24275-CIV-MORENO, 2020 WL 6384878 (S.D. Fla. Aug. 5, 2020), *report and recommendation adopted*, 2020 WL 6384299 (S.D. Fla. Oct. 30, 2020). That case involved proceedings supplementary where the respondent filed a motion "seek[ing] to seize the intangible contract rights that [petitioner]

---

[5] In *APR Energy*, the court granted a motion to dissolve prejudgment writ of garnishment because the federal district court in Florida "d[i]d not have jurisdiction to issue a writ of garnishment against [a] bank account in Oklahoma." *APR Energy*, 2009 WL 425975, at *2.

ha[d] as a result of its contract with [a] third[] party []." *Inversiones*, 2020 WL 6384878, at *1. In relevant part, Magistrate Judge Louis found that "the only way by which this Court could allow [respondent] to reach those funds would be through a writ of garnishment on the bank account in which they have been deposited, such a move, though, would be in contravention of Florida law." *Id.* at *4. And the move would be in contravention of Florida law because, in that case, "all the funds [were] held outside of the state of Florida and, thus, [were] beyond the reach of a Florida writ of garnishment." *Id.* Given that garnishment proceedings are *quasi in rem*, meaning that the presiding court must have personal jurisdiction over the garnishee (*in personam*) and jurisdiction over the property or *res* (*in rem*), *see id.* (citing *Stansell v. Revolutionary Armed Forces of Colombia (FARC)*, 149 F. Supp.3d 1337, 1339 (M.D. Fla. 2015) (*Stansell I*)), Magistrate Judge Louis found that the court was without jurisdiction to "levy a writ of garnishment on the bank accounts in Costa Rica" and recommended that the motion to seize intangible property be denied. *Id.* After the parties failed to file any objections to the report and recommendation, this Court adopted it. *See Inversiones*, 2020 WL 6384299, at *1.

In its response in opposition, Codeventures maintains that "Vital's Motion is based on an unsupported assumption that the [Bank of America] [a]ccounts in which the funds are held are physically located in South Carolina" and Bank of America's "Answer to the Writ[], however, does not state that." Codeventures argues that the writ only lists an address for Vital in South Carolina and that "[t]here is no indication or confirmation that the Accounts are located in South Carolina, as Vital contends." Codeventures posits that Vital's motion should be denied for this reason alone, without citing to any legal authority. All three bank accounts include the name on the account, Vital Motion, Inc., with an address, 8029 S. Dorchester Trce., Indian Land, SC. (D.E.

91, ¶ 1). And, according to Terry Bradley, the Controller and Corporate Secretary of Vital, the three Bank of America accounts were never opened or maintained in Florida. (D.E. 125-1 ¶ 6).

Codeventures does not attempt to address or distinguish *Skulas*; instead, it refers the Court to *Ellis v. Barclays Bank PLC-Miami Agency*, 594 So. 2d 826, 827 (Fla. 3d DCA 1992), but, as the court noted in *Skulas*, 2010 WL 1790439, at \*2, *Ellis* involved a different issue. *Ellis* involved a plaintiff that served a writ of garnishment on Barclays Bank, the garnishee, and it "answered the writ by accounting for all accounts in the United States, and it stated it did not have possession or control of any monies payable to [plaintiff's former husband]." 594 So. 2d at 827. The plaintiff "traversed [the garnishee's] denial of debt due to failure to account for its Caribbean branches, especially the branch in Antigua." *See id.* The garnishee filed a motion for summary judgment, seeking to be "discharged from further liability after having accounted for all accounts held by [the plaintiff's husband] in Florida and elsewhere in the United States." *Id.* The garnishee "further argued that the process of a United States court served on a United States branch of an international bank cannot reach deposits possibly held in **foreign** branches." *Id.* (emphasis added). The trial court granted the motion for summary judgment and entered an order discharging the garnishee from further liability under the writ of garnishment. *Id.* Florida's Court of Appeal for the Third District affirmed the trial court's order. *Id.*

*Ellis* is distinguishable because this case involves a plaintiff, Codeventures, seeking a writ of garnishment over bank accounts located in the United States, not in foreign countries. This case is more analogous to *Skulas* because, "[t]he issue here is whether, under Florida's garnishment statute, a judgment creditor can garnish a bank account maintained outside of Florida." 2010 WL 1790439, at \*2. Like in *Skulas*, where the court recommended dissolving a writ of garnishment concerning a bank account in Pennsylvania, here the Court must dissolve Codeventures' writ of

garnishment because Vital's three bank accounts are located in South Carolina. *Skulas*, 2010 WL 1790439, at *2-3; *see also APR Energy, LLC*, 2009 WL 425975, at *2 ("As this Court does not have jurisdiction to issue a writ of garnishment against the bank accounts in Oklahoma, Garnishee's Motion to Dissolve [] is due to be granted.").

In its opposition, Codeventures incorrectly states that "Vital should have, but did not, cite to the more recent decision from Judge Corrigan in the Middle District of Florida," *Power Rental Op Co, LLC v. Virgin Islands Water & Power Auth.*, Case No. 3:20-cv-1015-J-32JRK, 2021 WL 268472 (M.D. Fla. Jan. 27, 2021). Vital, in fact, cited that case in its motion for the proposition that the "Florida garnishment statute does not apply extraterritorially to out-of-state bank accounts." (D.E. 112, at 3) (citing *Power Rental*, 2021 WL 268472, at *8).

In *Power Rental*, Judge Corrigan surveyed Florida law, as well as cases out of the Middle District of Florida and Southern District of Florida, to determine "whether trial courts must have *in rem* jurisdiction over assets to issue a prejudgment writ of garnishment, and what is the situs/location of a bank account in light of modern banking practices," given that "[t]he answers to these questions are not evident based on the plain language of the garnishment statute." 2021 WL 268472, at *2. As a preliminary matter, Judge Corrigan noted how "[g]arnishment actions in Florida federal courts are governed by the procedures of the applicable Florida statutes," *id.* at *2 (citing *Branch Banking & Trust Co. v. Hamilton Greens, LLC*, No. 11-80507-CIV-MARRA/MATTHEWMAN, 2015 WL 5257668, at *3 (S.D. Fla. Sept. 8, 2015)), and "[f]ederal courts sitting in diversity must also 'follow the decisions of the intermediate state courts in the absence of convincing evidence that the highest court of the state would decide differently," *id.* at *3 (citing *Stoner v. New York Life Ins. Co.*, 311 U.S. 464, 467, 61 S.Ct. 336, 85 L.Ed. 284 (1940)).

7

Judge Corrigan held that "the Florida garnishment statute does not apply extraterritorially to out-of-state bank accounts." *Id.* at \*8. Judge Corrigan noted the *Ellis* case, where Florida's Court of Appeal for the Third District "cited two Florida cases, which provide additional insight into the [Florida] court's interpretation of the garnishment statute." *Id.* at \*3 (citing *Ellis*, 594 So. 2d at 827). Those two cases are: (1) *State ex rel. Florida Bank & Trust Co. v. White*, 155 Fla. 591, 21 So. 2d 213, 215 (1944) ("A court has no jurisdiction to adjudicate the right of action in the rem when the property in controversy is without the limits of the court's jurisdiction and its process cannot reach the locus in quo."); and (2) *Tueta v. Rodriguez*, 176 So. 2d 550, 552 (Fla. 2d DCA 1965) ("A court may not proceed in-rem or quasi-in-rem when the subject matter of the action is not within the territorial jurisdiction of the court.").

From the Middle District of Florida, Judge Corrigan cited cases where district courts dissolved writs of garnishments where bank accounts were located outside the State of Florida. *See APR Energy*, 2009 WL 425975, at \*2-3; *Stansell I*, 149 F. Supp. 3d. at 1339 ("[T]he Court concludes that it lacks subject matter jurisdiction to garnish any funds in any bank accounts located outside the State of Florida."); *Linstol USA, LLC v. Midway Advanced Prods., LLC*, Case No. 2:18-cv-669-FtM-38NPM, 2020 WL 224527, at \*1 (M.D. Fla. Jan. 15, 2020) (granting motion to dismiss writ of garnishment for lack of jurisdiction and dissolving writ of garnishment where the bank account funds were located outside the State of Florida).

From the Southern District of Florida, Judge Corrigan cited the subsequently adopted reports and recommendations in *Skulas* and *Inversiones*, where both courts found that the bank accounts in question were outside the reach of Florida's garnishment statute. *Skulas*, 2010 WL 1790439, at \*3 (bank account in Pennsylvania); *Inversiones*, 2020 WL 6384878, at \*4 (bank accounts in Costa Rica).

8

Thus, based on the authorities cited and the arguments made by the parties, Vital's motion to dissolve the writ of garnishment is granted because Vital's three Bank of America accounts are located in South Carolina, outside of the reach of Florida's writ of garnishment statute. *Skulas*, 2010 WL 1790439, at *2; *Inversiones*, 2020 WL 6384299, at *4; *see also Power Rental*, 2021 WL 268472, at *8; *APR Energy*, 2009 WL 425975, at *2-3; *Stansell I*, 149 F. Supp 3d. at 1339; *Linstol USA*, 2020 WL 224527, at *1.

## III.   CONCLUSION

For the foregoing reasons, Vital's motion to dissolve the writ of garnishment as to Bank of America is granted. The Writ of Garnishment issued with respect to Bank of America is dissolved.

DONE AND ORDERED in Chambers at Miami, Florida, this ___23rd___ of August 2021.

FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record

9