UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 20-CV-21574-MORENO/GOODMAN

CODEVENTURES, LLC,
a Florida limited liability company,

      Plaintiff,

v.

VITAL MOTION INC.,
a Delaware corporation, et al.,

      Defendants.

_____/

## OMNIBUS REPORT AND RECOMMENDATIONS ON PLAINTIFF'S AND INDIVIDUAL DEFENDANTS' MOTION FOR ATTORNEY'S FEES

Plaintiff CodeVentures, LLC ("CodeVentures") filed a Motion for Attorneys' Fees seeking recovery of attorneys' fees and costs against Defendant Vital Motion, Inc. ("Vital") incurred in litigating Count I of its Amended Complaint, Vital's default on a $100,000 promissory note. [ECF No. 99]. Vital filed a response [ECF No. 113] and CodeVentures filed a reply [ECF No. 116]. Defendants David Lovenheim, Jay Eastman, Christian Tvetenstrand, Terry Bradley, and Erik Hiester (collectively, "Individual Defendants") filed a Motion for Attorneys' Fees seeking recovery of attorneys' fees incurred in defending CodeVentures' three tort claims (Counts II, III, and IV). [ECF No.

104]. CodeVentures filed a response [ECF No. 115] and Individual Defendants filed a reply [ECF No. 118].

United States District Judge Federico A. Moreno referred both motions to the Undersigned for a Report and Recommendations. [ECF Nos. 101; 105]. The Undersigned held a Zoom evidentiary hearing lasting more than one hour and took testimony from one of CodeVentures' attorneys, Kevin Kaplan.

For the reasons stated below, the Undersigned **respectfully recommends** that the District Court **grant in part** and **deny in part** CodeVentures' Motion for Attorneys' Fees and Costs.

The Undersigned also **respectfully recommends** that the District Court **grant** Individual Defendants' Motion for Attorneys' Fees.

## I.    BACKGROUND

This lawsuit arose out of CodeVentures' January 2019, $100,000 investment in Vital. [ECF No. 38]. Specifically, CodeVentures made a $100,000 loan to Vital and, in response, Vital issued a convertible bridge promissory note ("the Note") to CodeVentures. *Id.* The Note matured on January 10, 2020, at which time the principal and any unpaid interest became due. *Id.* After the maturity date, CodeVentures and Vital communicated about the amount due to CodeVentures, but no payment was ever made.

CodeVentures filed suit against Vital for breach of a promissory note (the "Note Claim"). In addition to the Note Claim, CodeVentures also brought claims against Vital

and Individual Defendants (except Hiester) for Fraudulent Transfer (Count II), Conversion (Count III), and Conspiracy (Count IV) (the "Fraudulent Transfer Claims"). [ECF No. 1]. Defendants filed a motion to dismiss the suit for lack of jurisdiction. [ECF No. 16]. On August 19, 2020, while the original Complaint [ECF No. 1] and Motion to Dismiss [ECF No. 16] were pending, CodeVentures served a Proposal for Settlement ("PFS") on Vital, seeking to settle all claims for $94,198.00. [ECF No. 99-1]. This PFS was never accepted by Vital.

After the PFS acceptance period lapsed, CodeVentures sought leave to amend its Complaint, which was granted. [ECF Nos. 36; 37]. CodeVentures filed an Amended Complaint (now including Hiester), amending Counts II-IV to Fraud in the Inducement (Count II), Aiding and Abetting Fraud in the Inducement (Count III), and Conspiracy (Count IV) (the "Tort Claims"). [ECF No. 38].

In support of Counts II-IV (under either version of CodeVentures' Complaint), CodeVentures alleges Vital and the Individual Defendants fraudulently induced CodeVentures into investing in Vital Motion, Inc. by misrepresenting its finances and business prospects.

Throughout the litigation, Vital has conceded the material facts to the Note Claim (i.e., existence of the Note, obligation to pay the Note, and failure to pay the Note). Vital's only defenses, which were ultimately found to be unmeritorious, were jurisdictional-based positions. Individual Defendants, in contrast, sought dismissal of CodeVentures'

Fraudulent Transfer Claims and Tort Claims for failure to state a claim. Defendants, collectively, filed a motion to dismiss CodeVentures' Complaint [ECF No. 16] and then CodeVentures' Amended Complaint [ECF No. 49].

CodeVentures, in turn, filed a motion for partial summary judgment on Count I against Vital. [ECF No. 57].

On January 20, 2021, Individual Defendants served a PFS on CodeVentures, seeking to settle the Tort Claims for $100.00, an amount to be apportioned equally among Individual Defendants. [ECF No. 104-1]. CodeVentures never accepted this proposal.

The District Court first denied Vital's operative motion to dismiss the Counts against it for lack of personal jurisdiction. [ECF No. 70]. Next, the District Court granted, in part, Vital and the Individual Defendants' motion to dismiss for failure to state a claim. [ECF No. 71]. Specifically, the District Court dismissed with prejudice Counts III and IV against all Defendants and Count II against all Defendants except Vital and Lovenheim. [ECF Nos. 71; 83]. Finally, the District Court granted CodeVentures' motion for partial summary judgment on Count I. [ECF No. 72].

CodeVentures voluntarily dismissed without prejudice Count II against Vital and Lovenheim [ECF No. 80] and the District Court entered a Final Judgment in favor of CodeVentures against Vital for $122,421.72. [ECF No. 84]. CodeVentures and Individual Defendants then filed competing fees and costs motions. [ECF Nos. 99; 104].

## II.    LEGAL STANDARD

Absent a statute or rule to the contrary, a prevailing party is not ordinarily entitled to recover attorney's fees from its opponent. *See Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975). Here, both CodeVentures and Individual Defendants seek attorneys' fees under Florida's offer of judgment statute, Florida Statute § 768.79. The Eleventh Circuit has deemed § 768.79 to be substantive for *Erie* purposes and, therefore, it is applicable to this case. *See McMahan v. Toto*, 311 F.3d 1077 (11th Cir. 2002).

Section 768.79 provides the following:

> In any civil action for damages filed in the courts of this state, if a defendant files an offer of judgment which is not accepted by the plaintiff within 30 days, the defendant shall be entitled to recover reasonable costs and attorney's fees incurred . . . from the date of filing of the offer if the judgment is one of no liability . . . . If a plaintiff files a demand for judgment which is not accepted by the defendant within 30 days and the plaintiff recovers a judgment in an amount at least 25 percent greater than the offer, [the plaintiff] shall be entitled to recover reasonable costs and attorney's fees incurred from the date of the filing of the demand.

> An offer must:

> (a) Be in writing and state that it is being made pursuant to this section.

> (b) Name the party making it and the party to whom it is being made.

> (c) State with particularity the amount offered to settle a claim for punitive damages, if any.

> (d) State its total amount.

> The offer shall be construed as including all damages which may be awarded in a final judgment.

Fla. Stat. § 768.79(1), (2).

In addition to § 768.79's procedural requirements, it also requires settlement offers and demands to have been made in good faith. *See McMahan*, 311 F.3d at 1084 ("If an offer satisfies the requirements of § 768.79(1)-(6), as this one did, the sole basis on which a court can disallow an entitlement to an award of fees is if it determines that the offer was not made in good faith." (internal quotations and alterations omitted)). "The burden is upon the offeree to prover that the offeror acted without good faith." *Id*. at 1083 (internal quotations and alterations omitted).

The decision on whether to disallow fees based on a finding that a PFS was not made in good faith is in the court's discretion. *McGergor v. Molnar*, 79 So. 2d 908, 910 (Fla. 2d DCA 2012). Moreover, even absent a bad faith finding, "[a] court may reduce excessive, redundant, or otherwise unnecessary hours, or may engage in 'an across-the-board cut,' as long as the court adequately explains its reasons for doing so." *Am. Home Assur. Co. v. Weaver Aggregate Trans., Inc.,* 89 F. Supp. 3d 1294, 1306 (M.D. Fla. 2015) (citing *Galdames v. N & D Inv. Corp.*, 432 F. App'x. 801, 806 (11th Cir. 2011)).

## III.   ANALYSIS

CodeVentures' Amended Complaint alleged four causes of action against six different defendants (Vital and Individual Defendants). Count I was levied against only Vital and Counts II-IV were levied against all six Defendants. CodeVentures prevailed

on Count I and all Defendants prevailed on Counts III and IV.[1] Defendants Jay Eastman, Christian Tvetenstrand, Terry Bradley, and Erik Hiester prevailed on Count II and CodeVentures voluntarily dismissed without prejudice Count II against Vital and Lovenheim.

In these competing fee motions, neither CodeVentures nor Individual Defendants dispute the hourly rates of the opposing side's attorneys.

Vital does not dispute that CodeVentures is entitled to attorney fees under § 768.79. It argues, instead, that the Court should reduce CodeVentures' fee request for the following reasons: (1) the request includes fees incurred before the PFS was served; (2) the request includes fees incurred prosecuting the Tort Claims; and (3) the request includes vague, duplicative, and block billed entries.

But Vital disputes nearly the entirety of CodeVentures' costs request on the basis that CodeVentures failed to provide any context or justification for the costs and that some discreet costs are impossible.

Plaintiff, in contrast, disputes Individual Defendants' entitlement to fees. CodeVentures argues that Individual Defendants' fee request should be denied or reduced for the following reasons: (1) Individual Defendants' nominal offer was not

---

[1] Under § 768.79, dismissal with prejudice is considered a prevailing judgment and creates a basis for the award of attorney fees. *Cf. MX Invs., Inc. v. Crawford*, 700 So. 2d 640, 642 (Fla. 1997) ("We conclude that section 768.79, Florida Statutes (1991), does not provide a basis for the award of attorney fees and costs unless a dismissal is with prejudice.").

made in good faith; (2) due to the dismissal without prejudice on Count II as to Lovenheim, Individual Defendants do not meet the favorability requirement; and (3) the fees were incurred in defense of Vital, not in defense of Individual Defendants.

a. CodeVentures' Attorney's Fees Request

CodeVentures submitted a PFS to Vital on August 19, 2020, offering to settle all claims for $94,198.00. CodeVentures' PFS complies with § 768.79's strict requirements. *See Diamond Aircraft Indus. Inc., v. Horowitch*, 107 So. 3d 362 (Fla. 2013) ("Both section 768.79 and rule 1.442 are in derogation of the common law rule that each party is responsible for its own attorney's fees which requires that we strictly construe both the statute and the rule."). Vital never accepted the settlement, and final judgment was entered against it on Count I for $122,421.72 [ECF No. 84]. Because CodeVentures "recover[ed] a judgment in an amount at least 25 percent greater than the offer, [it is] entitled to recover reasonable costs and attorney's fees incurred from the date of the filing of the demand." Fla. Stat. 768.79(a). Vital does not dispute this.

While Vital does not dispute entitlement, its response highlights the specific fee requests to which it is objecting. [ECF No. 113-1]. The Undersigned will address the objected-to fees by evaluating Vital's applicable argument against the award.

The first fee entry contested by Vital is a $375.00 August 19, 2020, entry for "[p]repare notice of relief and second PFS; call and emails with client." *Id.* Vital argues this should not be recoverable because "CodeVentures is entitled to only recover fees

from the service of its demand, not before." [ECF No. 113]. The statute indicates CodeVentures is entitled to "attorney's fees incurred from the date of the filing of the demand." Fla. Stat. 768.79(a).

The Undersigned agrees that preparation of the PFS necessarily occurred before service of the PFS and, thus, CodeVentures is not entitled to recovery for this attorney time. While the entry also includes time attributed to "call and emails with client," the Undersigned is not in a position to separate this type of block billing and therefore respectfully recommends denial of the fee for this entire entry. Thus, in sum, the recommendation is for a reduction of $375.00.

The next set of attorney time entries Vital contests are those CodeVentures incurred in prosecuting the Tort Claims, which were all dismissed either with or without prejudice. The challenged entries include time spent drafting the amended complaint, researching legal issues related to fraud, discovery issues, and specific motion drafting. CodeVentures offers a general reply, stating "[t]here is no authority that only those fees which were incurred on any particular claim or task are to be awarded; as the plain language of the statute indicates, they all must be awarded if they are reasonably incurred after the date of the offer." [ECF No. 166]. As a second responsive argument, CodeVentures contends the Tort Claims are intertwined with the Note claim. *Id.*

Contrary to CodeVentures' assertion, there is authority that only the fees which were incurred on any particular claim are to be awarded. *See Scherer Const. & Eng'g of*

*Cent. Florida, LLC v. Scott P'ship Architecture, Inc.*, 151 So. 3d 528 (Fla. 5th DCA 2014).[2] In *Scherer*, the appellate court examined the trial court's decision to award fees on the count where the defendant obtained a favorable judgment and also on the count which the plaintiff voluntarily dismissed without prejudice. *Id.* The *Scherer* Court affirmed in part and reversed in part, finding the court improperly awarded fees for the count which was voluntarily dismissed but concluding the trial court correctly awarded fees where the defendant obtained a favorable judgment. *Id.* at 530.

CodeVentures has not cited legal authority distinguishing *Scherer's* holding that it is impermissible for the Court to award fees incurred on claims in which the party did not meet § 768.79's favorability requirements. Therefore, the Undersigned is bound by *Scherer*. *See McMahan*, 311 F.3d at 1080 ("[A]bsent a decision from the state supreme court on an issue of state law, we are bound to follow decisions of the state's intermediate appellate courts unless there is some persuasive indication that the highest court of the state would decide the issue differently.").

---

[2]     After the hearing, CodeVentures filed a Notice of Supplemental Authority, seeking to undermine *Scherer* (although, only in relation to its applicability to Individual Defendants' motion) as invalid due to a subsequent amendment to Florida Rule of Civil Procedure 1.442 prohibiting partial settlement offers. [ECF No. 128]. CodeVentures misunderstands *Scherer's* holding. At no place in the opinion did the Court mention a "partial settlement"; the Court's discussion about factual settlement was limited to stating, "[the defendant] filed and served a proposal for settlement on [the plaintiff]. The time expired for acceptance of the proposal for settlement." *Scherer*, 151 So. 3d at 529.

CodeVentures' next argument for blanket recovery is that all counts in the Amended Complaint were intertwined and thus the Court should award all fees.

In Florida, "the party seeking fees has the burden to allocate them to the issues for which fees are awardable or to show that the issues were so intertwined that allocation is not feasible." *Effective Teleservices, Inc. v. Smith*, 132 So. 3d 335, 339 (Fla. 4th DCA 2014) (quoting *Chodorow v. Moore*, 947 So. 2d 577, 579 (Fla. 4th DCA 2007)). "Claims are 'inextricably intertwined' when a 'determination of the issues in one action would necessarily be dispositive of the issues raised in the other.'" *Id.* (quoting *Anglia Jacs & Co. v. Dubin*, 830 So. 2d 169, 172 (Fla. 4th DCA 2002)).

In other words, "where the claims involve a 'common core' of facts and are based on 'related legal theories,' a full fee may be awarded unless it can be shown that the attorneys spent a separate and distinct amount of time on counts as to which no attorney's fees were sought." *Boswell v. Shirley's Pers. Care Servs. of Okeechobee, Inc.*, 211 So. 3d 210, 212 (Fla. 4th DCA 2017) (quoting *Anglia Jacs & Co.*, 830 So. 2d at 172). This principle applies in the context of Fla. Stat. § 768.79. *See Signal Hill Gold Course, Inc. v. Womack*, 309 So. 3d 707, 709 (Fla. 1st DCA 2020) (in § 768.79 fee claim, declining to find that husband's negligence claim and wife's loss of consortium clam were inextricably intertwined "such that an allocation of claimed attorneys' fees and costs was infeasible").

CodeVentures has failed to meet this burden. Its sole argument in support of intertwinement is that "the tort claims in this case were intertwined with the Note claim,

and served to defeat the one substantive argument made by Vital—that jurisdiction was absent." [ECF No. 116]. Despite this, CodeVentures states it is willing to write off more than $8,000 in fees related to the Tort Claims and argued during the hearing that it was "generous" in offering to do so.

To prevail on the Note Claim, CodeVentures needed to prove four elements: "(1) a valid contract; (2) a material breach; (3) damages; and (4) that plaintiff is the owner and holder of the note." *Franquiyama Holdings, Inc. v. Tamayo*, Case No. 19-cv-23344, 2020 WL 4279896, at *5 (S.D. Fla. June 2, 2020) (citing *Suntrust Bank v. Ruiz*, No. 14-21107-CIV, 2014 WL 5321094 (S.D. Fla. Oct. 17, 2014)).

As Vital indicates in its response, much of discovery in this case was focused on matters ancillary to those four elements. For example, in CodeVentures' first request for production, it sought documents pertaining to Vital's financial status from January 1, 2017 to January 21, 2020; documents related to all Defendants' personal expenses run through the company (i.e., meals, entertainment, travel); and all documents from January 1, 2017 until January 31, 2020 regarding Vital's short-term need for cash. [ECF No. 113-4].

In that vein, for example, Vital disputes CodeVentures' fee request related to a March 24, 2021 Motion to Compel filed by Defendants. [ECF No. 69]. A review of [ECF No. 69] reveals the discovery disputes were related exclusively to the Tort Claims and were Defendants' attempt to obtain information they believed relevant to CodeVentures' claim that Vital and Individual Defendants relayed false information to induce

CodeVentures into first issuing the Note. To be sure, CodeVentures' objections and the litigation that ensued over communications between Doffek, an individual who invested in Vital through CodeVentures and another company, and employees of Vital over business model representation bear little relevance and are easily excised from CodeVentures' Note Claim.

Vital also objects to an award of fees for time CodeVentures spent drafting the Amended Complaint. CodeVentures' original Complaint brought claims against Vital for the Note Claim and the Fraudulent Transfer Claims and claims against Individual Defendants (except Heister) for the Fraudulent Transfer Claims. In the Amended Complaint, the Note Claim remained unaltered and CodeVentures brought new claims against Vital and Individual Defendants (now including Heister) for the Tort Claims. Vital claims that the entire amendment to the original Complaint was focused on the Tort Claims and CodeVentures should not receive those fees.

During the hearing, CodeVentures called Kevin Kaplan as a witness. He said the main driving force behind the amendment was to address the jurisdiction argument related to the case, including the Note Claim. However, CodeVentures' own filings in the case undermine this position. In CodeVentures' response to each of Defendants' motions to dismiss the operative complaint, its argument section as to jurisdiction remains, in many areas, identical. *Compare* [ECF No. 18, pp. 2-6] *with* [ECF No. 53, pp. 17-20].

Because CodeVentures has failed to properly allocate its fees or demonstrate that the issues were so inextricably intertwined that allocation was impossible, the Undersigned **respectfully recommends** the District Court **deny** CodeVentures' fee requests for the following entries:

1. Related to the Amended Complaint: 9/29/2020 ($1,925.00), 10/05/2020 ($825.00), 10/06/2020 ($625.00), 10/07/2020 ($1,100.00), 10/07/2020 ($312.50), 10/08/2020 ($500.00), 10/09/2020 ($1,375.00), 10/09/2020 ($312.50), and 10/15/2020 ($550.00). [In sum, a total reduction of $7,525.00.].

2. Related to Tort Claims: 11/23/2020 ($275), 11/23/2020 ($375), 11/30/2020 ($1,470.00), 12/02/2020 ($210.00), 12/22/2020 ($960.00), 1/11/2021 ($125.00), 2/03/2021 ($500.00), 2/05/2021 ($125.00), 2/10/2021 ($250.00), 2/16/2021 ($625.00), 2/22/2021 ($375.00), 3/12/2021 ($1,375.00), 3/15/2021 ($125.00), 3/16/2021 ($312.50), 3/17/2021 ($625.00), 03/17/2021 ($780.00), 3/18/2021 ($687.50), 3/18/2021 ($930.00), 3/19/2021 ($210.00), 3/19/2021 ($812.50), 4/02/2021 ($1,260.00), and 4/06/2021 ($500.00). [In sum, a total reduction of $12,907.50.].

Vital's next issue with CodeVentures' fee request is focused on its stated belief that CodeVentures' billing records contain entries "for which it is not possible [to] discern from the entry[,] the task being performed or whether the fees related to [the Note Claim]

or the Tort Claims" (i.e., blockbilling). [ECF No. 113]. Vital extends this argument to CodeVentures' entries allocated to its response to Vital and Individual Defendants' motion to dismiss. *Id.* CodeVentures did not respond to this argument in its reply, nor did it offer a more-detailed breakdown during the hearing.

"[B]lock billing makes review of bills unnecessarily difficult" and can "warrant[] reduction of the number of hours claimed in [an] attorneys fee motion." *Kearney v. Auto-Owners Ins. Co.*, 713 F. Supp. 2d 1369, 1377 (M.D. Fla. 2010) (internal citations and alterations omitted). "When attorneys include multiple tasks in a single time entry, courts cannot determine the amount of time spent on particular tasks." *Id.* at 1377-78. While attorneys aren't required to account for every second of their time on a case, the submitted bills should separate discreet tasks so the court can determine the reasonableness of the hours. *Id.*

Courts regularly reduce hours when attorneys engage in blockbilling. *See, e.g., Ceres Env't Servs., Inc. v. Colonel McCrary Trucking, LLC*, 476 F. App'x 198, 203 (11th Cir. 2012) (district court did not abuse discretion by applying 10% reduction in block billed hours); *Oravec v. Sunny Isles Luxury Ventures L.C.*, No. 04-22780, 2010 WL 1302914, at *13 (S.D. Fla. 2010) (applying a 25% across-the-board reduction to block billed hours); *McBride v. Legacy Components, LLC*, No. 8:15-cv-1983, 2018 WL 4381181, at *3 (M.D. Fla. Aug. 30, 2018) (reducing billable hours by 35% based on block-billed time entries); *Lil' Joe*

*Wein Music, Inc. v. Jackson*, No. 06-20079, 2008 WL 2688117, at *13 (S.D. Fla. July 1, 2008) (reducing hours by 839.8 due to excessive blockbilling).

Blockbilling creates a unique issue in this case because some of CodeVentures' entries include time which indisputably is spent on the Tort Claims and, in the same entry, includes time which may be attributable to the Note Claim.

For example, CodeVentures' 1.1-hour entry on April 5, 2021 includes the following tasks: "review response to motion to compel; revise motion for judgment; emails and calls with DK." [ECF No. 113-1]. Separation is necessary because the response to the motion to compel is related to the Tort Claims, the motion for judgment is related to the Note Claim, and the Undersigned cannot determine the claims for which the calls relate.

Likewise, if an entry is vague, then the Court is unable to determine whether the time spent was reasonable, which claim the task concerned, or even the general subject matter of the claim. *See Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988); *Kearney*, 713 F. Supp. 2d at 1379. CodeVentures' submitted billing entries show that its counsel knows how to sufficiently describe entries but sometimes chooses a more-general description. *Compare* [ECF No. 99-2, p. 2] (11/23/2020: "reviewed amended complaint and motion to dismiss and researched arguments for response") *with* [ECF No. 99-2, p. 2] (11/30/2020: "researched issues for response to motion to dismiss including puffery, future representations, and pleading with particularity . . ."). Additionally, certain entries render it impossible for the Court to determine to which Count or aspect

16

of the case the entry pertains. *See* [ECF No. 99-2, p. 3] (4/05/2021: "revised response to motion to dismiss").

CodeVentures' introduction and jurisdictional arguments amount to approximately 50% of its response to Vital and Individual Defendants' motion to dismiss the amended complaint. Using that page allotment as a guide, the Undersigned recommends reducing CodeVentures' vague and block billed entries by 50%. This reduction applies to the following entries:

Vague/Block billing: 9/08/2020 ($375.00), 11/06/2020 ($125.00), 11/13/2020 ($312.50), 11/20/2020 ($812.50), 11/23/2020 ($1,470.00) 12/01/2020 ($960.00), 12/01/2020 ($312.50), 12/02/2020 ($62.50), 12/04/2020 ($750.00), 12/04/2020 ($660.00), 1/25/2021 ($312.50), 4/05/2021 ($240.00), 4/05/2021 ($687.50), 4/06/2021 ($840.00), 4/07/2021 ($312.50), 4/28/2021 ($250.00), and 4/30/2021 ($187.50). [In sum, a total reduction of $4,335.00.]

In conclusion, the Undersigned **respectfully recommends** the District Court **grant in part** CodeVentures' request for fees and award it $31,297.50 in fees (an overall reduction of $25,142.50).

b.  <u>CodeVentures' Costs Request</u>

CodeVentures also requests $5,129.68 in litigation costs. Vital objects to all costs expect for the $400 filing fee and the cost of service of process. Vital claims that CodeVentures "does not provide any basis for recovery of costs or explain the purpose

of the various costs." [ECF No. 113]. In CodeVentures' reply, it argues only (on this point) that it is entitled to all costs as the prevailing party and that it will address the factual issues at the hearing. [ECF No. 116].

At the hearing, the Undersigned sustained Vital's objection to CodeVentures presenting testimony, for the first time, as to the necessity of its costs. But for the Undersigned's decision to schedule a hearing, CodeVentures would have been limited to the facts as offered in its pleadings. As discussed below, due to CodeVentures' failure to carry its burden, among other reasons, the Undersigned **respectfully recommends** the District Court **deny** most of CodeVentures' request for costs (and award only two costs for which Vital concedes it owes).

In CodeVentures' initial motion, it fails to provide even the statutory basis under which it is seeking costs. The sole mention of costs is limited to its general request at the beginning and end of the motion that it is seeking an award for attorneys' fees *and costs*. Without any additional factual information, CodeVentures simply attaches its costs dating back to April 14, 2020.

Then, in CodeVentures' reply brief, it states "[w]ith respect to costs, Vital does not dispute entitlement (which *as prevailing party* includes all costs in the case) . . . . [ECF No. 116]. This language seems to imply CodeVentures is seeking costs under 28 U.S.C. § 1920, which allows a prevailing party to recover limited costs. However, because I am not

certain whether CodeVentures is seeking costs under 28 U.S.C. § 1920 or § 768.79, I will

address both vehicles for relief.

If CodeVentures' request is pursuant to 28 U.S.C. § 1920, then it must comply with

the applicable Local Rules. Relevant to 28 U.S.C. § 1920, Local Rule 7.2(c) states that:

> A bill of costs pursuant to 28 U.S.C. § 1920 shall be filed and served within
> thirty (30) days of entry of final judgment or other appealable order that
> gives rise to a right to tax costs under the circumstances listed in 28 U.S.C.
> § 1920. . . . An application for a bill of costs must be submitted on form (or
> in form substantially similar to) AO 133 of the Administrative Office of the
> United States Courts and shall be limited to the costs permitted by 28 U.S.C.
> § 1920. Expenses and costs that the party believes are recoverable although
> not identified in § 1920 shall be moved for as provided in paragraph 7.3(a)
> above. The bill of costs shall attach copies of any documentation showing
> the amount of costs and shall be supported by a memorandum not
> exceeding ten (10) pages. The prospects or pendency of supplemental
> review or appellate proceedings shall not toll or otherwise extend the time
> for filing a bill of costs with the Court.

Local Rule. 7.2(c).

CodeVentures' request for costs fails to comply with any portion of the

requirements of Local Rule 7.2(c): (1) It was not filed within 30 days of days of entry of

the final judgment in its favor; (2) CodeVentures did not submit an application using

form AO 133 or a substantially similar for; and (3) CodeVentures did not submit a

memorandum in support of *costs*.

Compliance with Local Rule 7.3(c) is not optional. *I.T.N. Consolidators, Inc. v. N.

Marine Underwriters, Ltd.*, No. 09-20762, 2016 WL 3892428, at *2 (S.D. Fla. July 13, 2016).

Failure to comply with the Local Rules is sufficient grounds to deny a motion. *Cf Norych*

*v. Admiral Ins. Co.*, 08-60330, 2010 WL 2557502, at *2 (S.D. Fla. June 23, 2010). The rules are not without purpose; bills of cost must be accompanied by sufficient documentation to "allow the court to determine whether the documents were necessarily obtained for use in the case." *See Gary Brown & Assocs., Inc. v. Ashdon, Inc.*, 268 F. App'x 837, 846 (11th Cir. 2008).

CodeVentures' costs request is also deficient if made pursuant to § 768.79. To begin with, § 768.79 allows recovery of costs only incurred after the PFS. Fla. Stat. § 768.79 ("If a plaintiff files a demand for judgment which is not accepted by the defendant within 30 days and the plaintiff recovers a judgment in an amount at least 25 percent greater than the offer, [the plaintiff] shall be entitled to recover reasonable costs and attorney's fees incurred from the date of the filing of the demand."). Thus, all costs incurred before August 19, 2020 are not recoverable under the statute.

Moreover, many of the requested costs are unrecoverable under Florida law. For example, CodeVentures seeks $798.98 in Westlaw Research, $31.90 in Pacer Fees, and $925.00 in Cloud Based Storage Services. CodeVentures cannot recover these types of costs under § 768.79. *See, e.g., In re Amendments to Uniform Guidelines for Taxation of Costs*, 915 So. 2d 612, 616-17 (Fla. 2005); *Lewis v. Thunderbird Manor, Inc.*, 60 So. 2d 1182 (Fla. 2d DCA 2011) ("Generally, copies, like postage, are part of the attorney's nonrecoverable office expenses."); *Robbins v. McGrath*, 955 So. 2d 633, 635 (Fla. 1st DCA 2007) ("Postage,

fax transmissions, delivery service, and computer research are office expenses or overhead that should not be taxed as costs.").

In addition, just as in 28 U.S.C. § 1920, CodeVentures' failure to provide any justification for its costs is fatal under § 768.79. *See Guidelines for Taxation of Costs*, 915 So. 2d 617 (2005) ("Under these guidelines, it is the burden of the moving party to show that all requested costs were reasonably necessary either to defend or prosecute the case at the time the action precipitating the cost was taken.").

While CodeVentures' non-compliance with the local rules and the failure to carry its burden under either 28 U.S.C. § 1920 or § 768.79 is sufficient cause to justify denying CodeVentures' cost request in whole, because Vital has conceded CodeVentures is entitled to recover its filing fee and the fee incurred serving process on Vital, the Undersigned recommends the District Court award those limited costs. Therefore, the Undersigned **respectfully recommends** the District Court **grant in (small) part** CodeVentures' request for costs and award $635.60 in costs ($4,494.08 less than the requested amount).

c.  Individual Defendants' Attorney's Fees Request

Individual Defendants seek alternative amounts of $16,754.50 or $13,140 (based on the firm's discounted hourly rate) incurred in defending Individual Defendants from the Tort Claims. CodeVentures objects to any award of fees, claiming that Individual Defendants did not prevail on *all* claims and, even if the claims they prevailed on entitled

them to fees, Individual Defendants' nominal offer was not made in good faith and was an improper joint all-or-nothing offer.

As an alternative, CodeVentures argues that Individual Defendants, if they are entitled to fees at all, are entitled to only a small amount because the majority of the incurred fees would have been incurred representing Vital anyway. CodeVentures does not dispute defense counsel's hourly rates, nor the total time incurred representing Vital and Individual Defendants.

Individual Defendants served a PFS for $100.00 to CodeVentures on January 21, 2021. [ECF No. 104-1]. CodeVentures did not accept the PFS within 30 days. Thus, Individual Defendants seek to recover fees incurred from the date the PFS was served.

CodeVentures asks this Court to deny Individual Defendants' motion in whole because it voluntarily dismissed Count II against Defendant Lovenheim. This, CodeVentures argues, means Individual Defendants cannot meet § 768.79's favorability requirement. Individual Defendants offer *Scherer*, 151 So. 3d 528, as authority holding that recovery is permitted even if each member of Individual Defendants did not prevail on all claims.

The *Scherer* Court examined whether the trial properly awarded fees in connection with both counts of a two-count complaint, when one of the counts was adjudicated on the merits and the other count was voluntarily dismissed. 151 So. 3d at 529. Although the defendant in *Scherer* served a PFS on the plaintiff and the court granted summary

judgment on one count and the plaintiff voluntarily dismissed without prejudice the second count, the appellate court said it was improper to for the trial court to award fees on *only* the count which was voluntarily dismissed. *Id.* at 530. The Court affirmed the award of fees for the count on which the defendant prevailed. *Id.*

CodeVentures has not distinguished *Scherer's* holding that a court may issue an award of fees even if the party seeking costs does not meet § 768.79's favorability requirement on *all* counts. Nor would such a position make logical sense. Under CodeVentures' reasoning, a party could strategically avoid § 768.79's fee-shifting provision by including claims that have minimal potential reward and voluntarily dismissing them if other claims are resolved in the opposing party's favor.

CodeVentures' next argument against Individual Defendants' fee request is that Individual Defendants' PFS was a bad faith, nominal offer. Individual Defendants' respond that demonstrating bad faith is CodeVentures' burden and that the low value of the offer was based on their honest assessment of CodeVentures' claims.

To be sure, the Court must look carefully at a $100.00 offer to resolve three claims against five defendants. However, the Eleventh Circuit has stated:

> Although "nominal offers are suspect where they are not based on any assessment of liability and damages," *Fox v. McCaw Cellular Communications of Fla., Inc.*, 745 So. 2d 330, 332 (Fla. 4th DCA 1998), they can be valid if the offerors have "a reasonable basis at the time of the offer to conclude that their exposure was nominal." *Id.* at 333. The good faith requirement of § 768.79(7)(a) does not "demand that an offeror necessarily possess, at the time he makes an offer or demand under the statute, the kind or quantum of evidence needed to support a judgment. The obligation of good faith

23

merely insists that the offeror have some reasonable foundation on which to base an offer." *Schmidt*, 629 So. 2d at 1039.

*McMahan*, 311 F.3d at 1083.

CodeVentures provides no reason (beyond the conclusory allegation that the *de minimis* nature of the offer necessarily equals bad faith) for why the Court should find that Individual Defendants' PFS is a "carefully crafted, cleverly calculated and disingenuous attempt to shift the economic burden of litigation." *Stouffer Hotel Co. v. Teachers Ins.*, 944 F. Supp. 874, 875 (M.D. Fla. 1995). Instead, CodeVentures chooses to rely on recitation of black letter law and examples of situations where courts found a PFS was offered in bad faith. Yet CodeVentures never makes any effort to explain why the facts of those cases are similar or why, given the facts of this case, Individual Defendants' PFS was made in bad faith.

"The burden is upon the offeree to prove that the offeror acted without good faith." *Levine v. Harris*, 791 So. 2d 1175, 1178 (Fla. 4th DCA 2001). "[N]ominal offers of judgment are not alone determinative of bad faith." *Fox v. McCaw Cellular Comm. of Florida, Inc.*, 745 So. 2d 330, 333 (Fla. 4th DCA 1998); *see also Weesner v. United Services Auto. Ass'n*, 711 So .2d 1192 (Fla. 5th DCA 1998) (fact that offer is nominal not necessarily determinative of issue of good faith); *State Farm Mut. Auto. Ins. Co. v. Marko*, 695 So. 2d 874 (Fla. 2nd DCA 1997) (**offer of $1** treated as in **good faith**); *Peoples Gas Sys. Inc. v. Acme Gas Corp.*, 689 So. 2d 292 (Fla. 3rd DCA 1997) (offer of $2,500 in case later settled for $3.5 million not determinative of bad faith).

24

Individual Defendants argue that their offer was in good faith because they

> knew that CodeVentures could never prevail on these claims; they knew
> the information that had been provided to CodeVentures; they knew that
> Eastman, Tvetenstrand and Hiester had not communicated in any fashion
> with CodeVentures prior to the loan, and Bradley's communications had
> been minimal; and they knew that the information provided to
> CodeVentures by Lovenheim was accurate and an honest reflection of Vital
> Motion's business at the time it was provided . . . . The Tort Claims did not
> depend on information know to third parties or extensive discovery; the
> only fact that mattered was whether the information provided to
> CodeVentures in connection with the bridge loan was false or not, and the
> Individual Defendants were in the singular position to know that it was not.

[ECF No. 104, pp. 5-6].

Individual Defendants also highlight the timing of their PFS -- nearly a year after the litigation began and months after their motion to dismiss had been filed [ECF Nos. 104; 118]. CodeVentures has not countered any of this. Perhaps there is evidence or circumstances of which the Undersigned is unaware and would justify a finding of bad faith. But, if there is, then CodeVentures has failed to bring it to the Court's attention or otherwise attempt to meet its burden.

CodeVentures also claims Individual Defendants' PFS was an invalid "all-or-nothing" offer. [ECF No. 115]. In support of this position, CodeVentures cites *Attorneys' Title Ins. Fund, Inc. v. Gorka*, 36 So. 3d 646 (Fla. 2010). Individual Defendants correctly note that *Attorneys' Title* addresses the standard when there is a PFS made to multiple *offerees*, not when there is a PFS made by multiple *offerors*. *Id.* at 649 ("The issue presented by the

conflicting decisions is whether a joint offer of settlement or judgment that is conditioned on the mutual acceptance of all of the joint offerees is valid and enforceable.").

In situations where there is a PFS made by multiple offerors, the law requires only that the PFS state the amount attributable to each individual offeror. *Pratt v. Weiss*, 161 So. 3d 1268, 1271 (Fla. 2015) ("This Court has held that subdivision (c)(3) of rule 1.442, which requires a joint proposal to state the amount and terms attributable to each offeror or offeree, must be strictly construed because it, as well as the offer of judgment statute, is in derogation of the common law rule that each party is responsible for its own fees.").

Individual Defendants' PFS states "[t]his amount of this joint PFS and its terms are **apportioned equally** among the Individual Defendants." (emphasis added). [ECF No. 104-1]. Thus, Individual Defendants' PFS meets this requirement.

In Plaintiffs' final argument, they ask that the Court limit Individual Defendants to fees they incurred wholly separate from the fees counsel would have incurred anyway representing Vital on the Note Claim and Count II of the Tort Claims and Lovenheim on the Tort Claims. Rather than provide a line-by-line or subject-by-subject objection to Individual Defendants' billing sheet, CodeVentures includes the fees it believes are arguably acceptable in a footnote of its response.[3] [ECF No. 115].

---

[3]     Local Rule 7.3(a) requires the respondent of a fee motion to "describe with reasonable particularity each time entry or nontaxable expense to which it objects, both as to issues of entitlement and as to amount, and shall provide supporting legal authority."

However, as Individual Defendants argue in their initial motion and again in their reply, the Tort Claims were based on a common core of facts and were inextricably intertwined, rendering it impossible to allocate fees to one count or another. [ECF Nos. 114; 118]. Individual Defendants aver that

> [e]ach of the three counts is based on the allegation that the Individual Defendants fraudulently induced CodeVentures to make the bridge loan, or had knowledge of and approved the fraudulent inducement . . . . CodeVentures expressly re-alleged the same factual allegations (paragraphs 1 – 53) in support of each of the Tort Claims.

[ECF No. 104].

CodeVentures claims that "[b]ecause the five individual defendants were simply additional parties on a fraud claim also asserted against their principal Vital Motion, no additional fees were incurred in their representation." [ECF No. 115]. This statement undermines CodeVentures' position that the fees should not be recoverable because it effectively concedes that the representation of Individual Defendants was inextricably intertwined with the representation of Vital.

"[T]he party seeking fees has the burden to allocate them to the issues for which fees are awardable or to show that the issues were so intertwined that allocation is not feasible." *Chodorow v. Moore*, 947 So. 2d 577, 579 (Fla. 4th DCA 2007). The *Chodorow* Court

---

CodeVentures' objections fail to comply with this requirement. Nonetheless, disregarding CodeVentures' objection on this basis is too harsh a remedy because Individual Defendants did not raise this as an argument and the Undersigned is able to identify the fees to which Plaintiff is referring.

provided the principles to be followed in making an award of attorney's fees involving

inextricably intertwined claims, stating:

> In the event a party is entitled to an award of fees for only some of the claims
> involved in the litigation, i.e., because a statute or contract authorizes fees
> for a particular claim but not others, the trial court must evaluate the
> relationship between the claims and "where the claims involve a 'common
> core' of facts and are based on 'related legal theories,' a full fee may be
> awarded unless it can be shown that the attorneys spent a separate and
> distinct amount of time on counts as to which no attorney's fees were
> sought [or were authorized]."

*Id.* at 579 (quoting *Anglia Jacs*, 830 So. 2d at 172) (alterations in original).

Individual Defendants have met their burden to establish that the claims were

inextricably intertwined, and it would not be feasible to allocate their fees to each of the

Individual Defendants or each discreet count. Thus, the Undersigned rejects

CodeVentures' contention that Individual Defendants' fees should be limited to the few

entries it mentioned in a footnote.

Individual Defendants contend they should be awarded the higher of the hourly

rates in their alternative fee arrangement. The Undersigned must apply Florida state law

in my analysis of this request. *See McMahan*, 311 F. 3d 1077 (pursuant to *Erie*, applying

state law to interpret § 786.79). In Florida, alternative fee agreements in anticipation of a

Court-ordered award of attorneys' fees are enforceable. *First Baptist Church of Cape Coral,

Florida, Inc. v. Compass Const., Inc.*, 115 So. 3d 978, 983 (Fla. 2013) ("[W]e hold that the

alternative fee recovery clause, which required Compass to pay prevailing party

reasonable attorney's fees in an amount greater than First Baptist's insurance company

28

owed under the agreement's hourly rate, is valid."). CodeVentures makes no argument against the award of Individual Defendants requested higher rate. Thus, there is no reason to limit Individual Defendants to their lower contractual rate.

Therefore, for the forgoing reasons, the Undersigned **respectfully recommends** the District Court **grant** Individual Defendants' motion for attorneys' fees and award them $16,754.50.

## IV.     CONCLUSION

For the reasons discussed above, the Undersigned **respectfully recommends** that the District Court **grant in part** and **deny in part** CodeVentures' motion for attorneys' fees pursuant to Fla. Stat. § 768.79 and award CodeVentures **$31,297.50** in attorneys' fees (an overall reduction of $25,142.50).

As to CodeVentures' motion for costs, the Undersigned **respectfully recommends** that the District Court **grant in small part** CodeVentures' request for costs in the amount of $635.60 but deny all other requested costs.

Additionally, as to Individual Defendants' motion for attorneys' fees, the Undersigned **respectfully recommends** that the District Court **grant** Individual Defendants' motion and award $16,754.50.

## V.     OBJECTIONS

The parties will have **fourteen (14)** days from the date of being served with a copy of this Report and Recommendations within which to file written objections, if any, with

the District Judge. Each party may file a response to the other party's objection within **fourteen (14)** days of the objection. Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (1989); 11th Cir. R. 3-1 (2016).

**RESPECTFULLY RECOMMENDED** in Chambers, in Miami, Florida, October 19, 2021.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Federico A. Moreno
All Counsel of Record

30